# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMIE LEE LOVELL, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 19-024-RAW-KEW |
| JACK THORP, | ) |
| Respondent. | ) |

## OPINION AND ORDER

On May 8, 2020, this habeas corpus action pursuant to 28 U.S.C. § 2254 was dismissed, and judgment was entered (Dkts. 17, 18). On May 20, 2020, Petitioner, through counsel, filed a motion for rehearing (Dkt. 19). The Court construes Petitioner's motion as a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e). *See Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992).

Rule 59(e) provides that a district court may alter or amend a judgment on a motion filed within 28 days of entry of the judgment. The Court may reconsider a final decision if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). "A Rule 59(e) motion should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).

"[T]he district court is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). Rule 59(e), however, does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Servants of the Paraclete*, 204 F.3d at 1012. "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (citation omitted), *aff'd*, 191 F. App'x 822 (10th Cir. 2006).

Petitioner appears to reassert much of his argument from the petition, and he complains that the Court's Opinion and Order "jumps from State to Federal and Supreme Court law, but never discusses 'extreme malfunctions,'" as addressed in *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) ("[H]abeas corpus is a 'guard against extreme malfunctions in the State criminal justice systems . . . .'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)) (Dkt. 19 at 1-2).

Petitioner then raises "lies" by the Court of Criminal Appeals in its opinion. The first "lie" concerns the trial court's denial of Petitioner's motion to suppress the blood alcohol test, as raised in Ground I of the petition. The second "lie" is about the determination that Petitioner was found to have been traveling at approximately 84 miles per hour when he crashed his motorcycle, as discussed in Ground II of the petition.

A review of the Opinion and Order dismissing this action shows that Petitioner's

2

claims concerning suppression of the blood test and motorcycle speed were considered and rejected. Further, Petitioner fails to acknowledge that his claim regarding suppression of the blood alcohol test raised only an issue of state law, and he has failed to provide any authority to show there was a manifest error of law. Regarding the speed of Petitioner's motorcycle, the Oklahoma Court of Criminal Appeals found beyond a reasonable doubt that Petitioner was traveling approximately 84 miles per hour while intoxicated when he left the roadway (Dkt. 17 at 12). The OCCA's factual findings are entitled to a presumption of correctness, and Petitioner has not produced clear and convincing evidence to rebut the presumption. *See* 28 U.S.C. § 2254(e)(1).

As in the petition, Petitioner also attacks the sufficiency of the evidence based on the jury's allegedly inconsistent verdicts. This Court, however, found "no federal constitutional right to a consistent verdict, as long as sufficient evidence supports a conviction" (Dkt. 17 at 13) (citing *United States v. Powell*, 469 U.S. 57, 65-67 (1984)), and other federal cases. Again, Petitioner has provided no authority to counter this Court's determination that the evidence was sufficient to support his conviction of First Degree Manslaughter (Dkt. 17 at 16).

After careful review, the Court finds Petitioner has failed to meet his burden for relief under Rule 59(e). Therefore, his motion to alter or amend the judgment (Dkt. 19) must be denied.

**ACCORDINGLY,** Petitioner's motion to alter or amend the judgment (Dkt. 19) is

DENIED, and his motion for oral argument (Dkt. 20) is DENIED AS MOOT.

**IT IS SO ORDERED** this 4th day of August 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma